In the Matter of AARON ZANGER, an Attorney, Respondent.

First Department, November 3, 1933.

*Carleton S. Cooke* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Charles H. Tuttle* [*Thomas E. Kerwin* with him on the brief], for the respondent.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York on November 27, 1923, at a term of the Appellate Division of the Supreme Court of the State of New York, First Department.

By the petition herein he is charged with professional misconduct in permitting a client to impersonate another at the trial of an action and to testify as that person, and in drawing and participating in the making of an affidavit by the client in the name of the person impersonated.

The defendant answered, and the matter was referred to a referee to take testimony concerning the charges and report the same to this court with his opinion thereon. The learned referee has duly reported, and the matter now comes before this court upon motion of the petitioner that the respondent be adjudged guilty as charged, and for such action as may be deemed just and proper.

The facts giving rise to the charges are not in dispute. They are substantially as follows: In May, 1925, the Yona-Varah Realty Corporation leased a store and basement at 175 West Seventy-third street to S. Levando, Inc., for a tailor shop. The lease was signed by S. Levando, the president of the corporation, and he guaranteed the payment of the rent. A cousin of S. Levando, one Frank J. Feldman, operated the tailor shop. In so doing he assumed the name of Samuel Levando, and was known by that name to his customers. To his family and personal friends and to the respondent he continued to be known by his true name.

In May, 1929, the landlord instituted dispossess proceedings against S. Levando, Inc., claiming two months' rent. Frank J. Feldman accepted service of the precept and petition on behalf of the tenant, S. Levando, Inc., as S. Levando, president. Feldman was vice-president of the corporation. The proceeding came up for trial on June 5, 1929, the respondent appearing as attorney for the tenant. The trial was adjourned to June 21, 1929, when the respondent called Frank J. Feldman to the witness stand, and addressing him as Levando, had him sworn and testify under that name as president of the corporation. The trial resulted in a judgment for one month's rent in favor of the landlord. The latter appealed. Pending the appeal the landlord discovered that the witness who testified as S. Levando was in fact Frank J. Feldman, and was not the president of the corporation. A motion for a new trial was made and granted, the court holding a fraud had been practiced upon the court. Upon a retrial the landlord recovered a judgment for two months' rent, from which no appeal was taken. Upon this trial Frank J. Feldman testified under his own name as vice-president, and Samuel Levando testified as president.

Frank J. Feldman testified that his purpose in impersonating Levando was because he had always attended to the store and that Levando was ignorant of what was going on; also to save the attendance of both men at the trial, when one would be sufficient.

The respondent claims that he did not know Frank J. Feldman was not in fact the president of the corporation and that he saw no harm in his testifying under the name by which he was known in connection with the business, the respondent himself disclosing that upon a prior occasion he had had the said Feldman execute an affidavit under the name of Levando.

Discarding one name and assuming another present an entirely different factual situation from impersonating another. Here the witness deliberately impersonated another with the knowledge of the respondent in two instances, once on the witness stand and again in an affidavit drawn by respondent. Certainly in the preparation and drawing of the affidavit the respondent was a direct participant in the fraudulent representation. It would seem too that the respondent was directly participating in the fraudulent act of the witness when he called him to the stand and addressed him by the impersonated name and then permitted him to testify as if he were in fact the person impersonated. The court was entitled to be informed that the person who was testifying and who had signed the affidavit as S. Levando was in fact one Frank J. Feldman, and was not the president of the corporation. The court, moreover, with justification. has found as a fact that a fraud was practiced upon the court.

An attorney who sees no harm in putting upon the stand a witness to swear through a false impersonation must be awakened to the fact that subornation of perjury will not be condoned.

The respondent should be disbarred.

MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Respondent disbarred.