In the Matter of AARON ZANGER, an Attorney, Respondent.

First Department, April 13, 1934.

*Carleton S. Cooke* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Charles H. Tuttle*, for the respondent.

FINCH, P. J. These are two motions, one for reargument of the motion decided November 3, 1933 (*Matter of Zanger*, 239 App. Div. 129), and the other for leave to appeal to the Court of Appeals from said prior determination.

The respondent seeks to confine a consideration of the facts to those which are stated in a portion of the submission, seeking thus to minimize the circumstance that a complete record of all the proceedings is incorporated by reference in the statement of so-called facts. It is in these incorporated proceedings that the vital facts are found.

The chief contention which the respondent Zanger urges is that he did not personally know S. Levando, and therefrom he seeks to draw the conclusion that Feldman was merely assuming another name and was not impersonating for another as in fact he was.

It appears from the stenographer's minutes of the examination of the respondent before the committee on grievances that the respondent had conducted litigation for Feldman in the name of Feldman against Rose. Furthermore, it appears that Feldman lived with his wife and children under the name of Feldman in normal course. Furthermore, at the time Feldman came to the respondent with the precept in this action, the respondent knew him as Feldman. Furthermore, on the day of the trial respondent testified that he was going to call Feldman as a witness under the name of Feldman. On that morning Feldman told respondent that the landlord knew him as Levando and that he could keep the records straight and everybody else clear on the subject if he was the person intended as Levando.

The duty of the respondent appears very clear, namely, that he should have had Feldman give his name and address as " Frank J. Feldman, doing business at a certain place under the name of S. Levando." After the judge in the Municipal Court had found that a fraud had been practiced on the court and a new trial was ordered, the judge questioned Feldman as follows: "At the time that you used the name Samuel Levando you knew that there was a Samuel Levando connected with this business? A. I was given the authority to do it. [Of course he could not be given authority to impersonate another person before the court.] Q. You knew there was a Samuel Levando in connection with this business?

A. Yes. Q. Did you state that to the Court? A. I did not, I stated it to the lawyer. Mr. Zanger: He stated to the lawyer — this much he stated to the lawyer — this much is true at that time, that the lawyer knew that Levando, the real Levando, knew he was using that name. That much is the truth, and this is what I think he meant to say there. In other words that I knew the real Levando knew he was using that name. Mr. Chrystie: And subsequently when a motion was made, you prepared the affidavit which purports to be verified by Samuel Levando, but which is in fact signed — which was in fact signed by Feldman, didn't you? Mr. Zanger: Which affidavit? * * * Mr. Chrystie: Yes, Committee's Exhibit No. 2. Mr. Zanger: This is the affidavit of June 29th, that as I recall it must have been signed by this witness, but that is the one before a notary whom I do not know. Mr. Chrystie: I do not care about the notary. Mr. Zanger: I did not see him sign it. Mr. Chrystie: You prepared it, didn't you? Mr. Zanger: I certainly did. Mr. Chrystie: And you sent it to him and asked him to sign it? Mr. Zanger: Yes, that is right."

From this it is clear that the respondent not only knew that there was an S. Levando in existence, but attempted to plead some sort of an agency which would permit Feldman to impersonate Levando before the court. This statement alone convicts the respondent, because no authorization on the part of Levando would permit the respondent to draw an affidavit in which Feldman swore that he was Levando. Feldman at the most should have made the affidavit in his own name, or should have given his own name and address as a witness and then stated that he was doing business at a certain place under the name of Levando. No authorization from Levando could possibly permit Feldman to swear on the stand, or in an affidavit, that he, Feldman, was in fact Levando.

After the trial of the Municipal Court case, where the landlord only recovered two months' rent, although he sued for three, and where Feldman testified impersonating Levando and subsequently the evidence was discovered, which caused the court to hold that a fraud had been practiced on the court, the judgment for two months' rent was set aside. From this no appeal was taken. On the second trial the landlord recovered three months' rent, which was the amount the landlord was suing for and Feldman testified as follows: " Q. I would like to ask some questions. How long have you known Mr. Zanger? A. Mr. Zanger I knew quite a number of years. * * * Q. Prior to the time when you went to him with the precept in this case had he acted as your lawyer in any litigation? A. Well, he did. * * * Q. And he knew you as Mr. Feldman? A. Yes, he did know the name was Feldman. Q. When you went

down with the precept did he ask you any questions about S. Levando — who S. Levando, Inc., was? A. Well, as a matter of fact, I have told him that he is a cousin of mine, and things that I generally take charge over, and he does not know anything about, and we might as well go through with it under the same name. Q. When did you tell him that? A. In court." Feldman further testified: " Q. Where do you live, did you say? A. Cruger Avenue. Q. Are you married? A. I am. Q. Have you a lease on your apartment? A. Yes. Q. You are known there as Mr. Feldman, are you not? A. Yes. Q. Your wife is known as Mrs. Feldman? A. Yes. * * * Q. Has she ever been called Mrs. Levando? A. No, never did. Q. So that the only place you are ever called Mr. Levando is in your store? A. In the store, yes. Q. In all other places you are Mr. Feldman? A. Right."

Feldman, further testifying, said: " Q. Didn't you state to the court in response to the question I have read that you told the lawyer about it? A. I have stated a little while ago that I have told the lawyer we might as well go through under that name, because everybody knows me under that name and I have told them in court."

He also testified that in this manner the time of two men going to court would be saved where one would do.

Respondent called Feldman to the stand, addressed him by his impersonated name and permitted him to testify thereunder, as well as preparing an affidavit for court use which he had Feldman sign and verify in the name of another without in any case informing the court as to the true facts.

A reconsideration of this record unmistakably shows an impersonation of one person by another deliberately planned and carried through until discovered.

It is hard to imagine a more glaring fraud on the court.

In our opinion no question of law is here involved which would justify granting leave to appeal to the Court of Appeals.

The motion should, therefore, be denied.

MARTIN, O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Motion for leave to appeal to the Court of Appeals denied. Motion for reargument denied.